Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ELVIN ELECTRIC, INC.<br><br>Apelada<br><br>v.<br><br>JESÚS MANUEL MALAVÉ SOTO, DOLLY E. LUGO MARTÍNEZ Y LA SOCIEDAD LEGAL DE GANANCIALES<br><br>Apelantes | KLAN202500544 | *Certiorari* acogido como APELACIÓN Procedente del Tribunal de Primera Instancia, Sala de CABO ROJO<br><br>Caso Núm.: CB2024CV00673<br><br>Sobre: Cobro de Dinero – Ordinario, Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2025.

El 5 de junio de 2025, el señor Jesús Manuel Malavé Soto y la señora Dolly E. Lugo Martínez (en adelante, los apelantes) comparecieron ante este Tribunal de Apelaciones mediante *Petición de Certiorari*.[1] Nos solicitaron la revocación de la *Resolución Interlocutoria* suscrita el 28 de abril de 2025, y notificada el 6 de mayo de 2025. Mediante esta, el Tribunal de Primera Instancia, Sala de Cabo Rojo (TPI o foro primario) les anotó la rebeldía.

**-I-**

El caso de epígrafe se remonta al 18 de septiembre de 2024, cuando el apelado instó una *Demanda* en cobro de dinero e incumplimiento de contrato contra los apelantes, siendo la parte demandada emplazada el 12 de diciembre de 2024. El 13 de enero de 2025, **treinta y dos días (32) luego de haber sido emplazada**, los apelantes sometieron una *Moción* donde solicitaron una prórroga de **treinta (30) días** para someter la contestación a

---

[1] Mediante *Resolución* del 5 de junio de 2025, acogimos el auto de *certiorari* presentado como un recurso de apelación y la secretaría realizó el cambio alfanumérico del recurso.

la demanda.[2] El foro primario accedió a dicha solicitud mediante *Resolución Interlocutoria* del 21 de enero de 2025, notificada el 27. Posteriormente, el 12 de febrero de 2025, estos pidieron una prórroga adicional de 72 horas, la cual fue nuevamente concedida por el TPI, el 18 de febrero.[3]

El 14 de marzo de 2025, Elvin Electric presentó una *Moción en Solicitud de Anotación de Rebeldía* donde alegó que los apelantes incumplieron con los términos dispuestos en las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, al no haber sometido la contestación a la demanda. Conforme a ello, y sin oposición de éstos, el TPI declaró con lugar la anotación de rebeldía a través de una *Resolución Interlocutoria* emitida el 17 de marzo de 2025, notificada el 21.

De igual forma, el 21 de marzo de 2025, el apelado sometió una *Moción en Solicitud se Dicte Sentencia en Rebeldía,* la cual se declaró con lugar. En consecuencia, el TPI ordenó a Elvin Electric presentar un proyecto de Sentencia mediante la *Resolución y Orden* emitida ese mismo 21 de marzo y notificada el 25.[4]

Oportunamente, el 7 de abril de 2025, los apelantes sometieron una *Moción en Solicitud de Reconsideración de Anotación de Rebeldía.* En este escrito, le solicitaron al TPI el levantamiento de la anotación de rebeldía al exponer que el incumplimiento surgió como consecuencia de situaciones de salud de la representación legal.

El 1 de abril de 2025, el foro primario emitió una *Sentencia*, pero la notificó el 14 de abril de 2025. En su dictamen, de conformidad con las

---

[2] Tanto el Sr. Jesús Malavé Soto, como la Sra. Dolly E. Lugo Martínez contrataron al Lcdo. Alexandro E. Ortiz Padilla como abogado. Pese a lo anterior, comparecieron cada vez de forma separada mediante escritos individuales. Sin embargo, debido a que las mociones sometidas por ellos son similares en contenido, cambiándose sólo la comparecencia, con el fin de facilitar la lectura de nuestra Sentencia, nuestra redacción hará referencia a la presentación de los escritos, como si hubiera ocurrido de forma conjunta por los apelantes. Al final de cuentas, estos acudieron juntos en el recurso de epígrafe.

[3] Por consiguiente, si calculamos el plazo concedido desde el momento en que la concesión de la prórroga fue concedida, **los apelantes tenían hasta el 21 de febrero de 2025**, para contestar la Demanda.

[4] Nótese que los apelantes tuvieron un total de **28 días,** desde que el plazo de 72 horas que le fue dado el 18 de febrero de 2025, expiró para someter su contestación a la demanda. Sin embargo, no lo hicieron.

determinaciones de hechos y conclusiones de derecho presentadas, declaró "ha lugar" la demanda en cobro de dinero e incumplimiento de contrato presentada en el caso de marras. Concurrentemente, el 14 de abril de 2025, notificó una *Resolución y Orden*, mediante la cual ordenó al apelado a expresar su posición en torno a la *Moción en Solicitud de Reconsideración de Anotación de Rebeldía* presentada por los apelantes.

Finalmente, el 28 de abril de 2025, el foro primario se expresó conforme a la *Réplica a Moción Solicitando Reconsideración a Anotación de Rebeldía.* Determinó que, ante la recurrente incomparecencia de los apelantes y luego de evaluar la moción de reconsideración sometida, **"no mueve la discreción del tribunal para reconsiderar la Sentencia"**.

Aún inconformes, el 5 de junio de 2025, los apelantes presentaron el recurso de epígrafe, en el cual formularon los siguientes señalamientos de error:

> **Erró el honorable Tribunal de Primera Instancia, Sala Superior de Cabo Rojo, al declarar ¨No ha lugar¨ la Moción en Solicitud de Reconsideración de Anotación de Rebeldía al hacer caso omiso a la doctrina vigente de levantamiento de anotación de rebeldía privando así a la parte demandada de su día en corte.**

> **Erró el honorable Tribunal de Primera Instancia, Sala Superior de Cabo Rojo, al emitir una Sentencia en Rebeldía mientras tenía ante su consideración una Moción de Reconsideración en detrimento de los términos establecidos en las reglas de procedimiento civil vigentes.**

A través de la discusión de estos errores, impugnan la determinación del foro primario en cuanto a la anotación de rebeldía impuesta en su contra. Para ello, repasan las circunstancias en las que el TPI puede imponer rebeldía, así como dictar sentencia en rebeldía. También, exponen lo concerniente al levantamiento de la anotación de rebeldía. Señalan que en la causa de epígrafe las circunstancias que conllevaron a la anotación de rebeldía eran atribuibles a su representación legal y que, tal como se demostró, existía justa causa para la dilación ocurrida. De otra parte, plantean que la *Sentencia en Rebeldía* dictada el 1ro de abril de 2025, notificada el día 14, era nula pues al momento de ser notificada el tribunal

tenía pendiente de considerar la reconsideración que presentó sobre la anotación de rebeldía.

Atendido el recurso, el 9 de junio de 2025, emitimos una *Resolución* en la que ordenamos al apelado a expresarse. Transcurrido el término para presentar la oposición sin que lo haya hecho, procedemos a resolver el asunto ante nuestra consideración sin el beneficio de su comparecencia.

**-II-**

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V R. 45.1, establece que cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, y así sea demostrado, el Secretario o Secretaria, anotará su rebeldía. Mitsubishi Motor. v. Lunor y otros, 212 DPR 807,823 (2023). Específicamente, la discutida regla lee como transcribimos:

> Regla 45.1. Anotación
>
> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Una vez se declara la rebeldía**, se dan por admitidos todos los hechos bien alegados en la demanda** o la alegación que se haya formulado en contra el rebelde. También se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. Mitsubishi Motor v. Lunor y otros, *supra,* pág. 824 al mencionar a Rivera Figueroa v. Joe's European Shop, 186 DPR 580, 590 (2011) y otros. (Énfasis suplido) En lo concerniente a esta sentencia en rebeldía, la Regla 45.2 de Procedimiento Civil, postula lo siguiente:

Regla 45.2. Sentencia

Podrá dictarse sentencia en rebeldía en los casos siguientes:

(a) *Por el Secretario o la Secretaria.* Cuando la reclamación de la parte demandante contra una parte demandada sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, el Secretario o la Secretaria, a solicitud de la parte demandante y al presentársele una declaración jurada de la cantidad adeudada, dictará sentencia por dicha cantidad y las costas contra la parte demandada cuando ésta haya sido declarada en rebeldía, siempre que no se trate de una persona menor o una persona incapacitada.

(b) *Por el tribunal.* En todos los demás casos, la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra una persona menor o una persona incapacitada a menos que estén representadas por el padre, la madre, el tutor o la tutora, el defensor o la defensora judicial u otro u otra representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, determinar el importe de los daños, comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o una comisionada. Cuando la parte contra la cual se solicita una sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

De ordinario, los tribunales podrán dejar sin efecto la anotación de rebeldía. Inclusive, podrán dejar sin efecto una sentencia en rebeldía de acuerdo con la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2.[5] Ahora, si bien es cierto que la facultad de los tribunales para dejar sin efecto una anotación de rebeldía se enmarca en la existencia de justa causa, esta regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. Rivera Figueroa v. Joe's European Shop, *supra,* a la págs. 591-592

**-III-**

En la discusión ofrecida por los apelantes, señalan que el TPI se equivocó al anotarles la rebeldía, ya que le fue evidenciado que la falta de contestar la demanda a tiempo es atribuible a su abogado por causas

---

[5] Así lo dispone la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V R. 45.3, al leer de la siguiente manera: El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2.

justificadas. A su vez, reclaman que la *Sentencia en Rebeldía* del 1ro de abril de 2025, se dictó erróneamente y que la misma es contraria a derecho. Esto último, pues cuando fue **notificada** estaba pendiente de atenderse la reconsideración que sometió en cuanto a la rebeldía que le fue anotada.

En la determinación apelada, al atender la reconsideración de los apelantes el foro primario consignó que el tracto procesal del caso demostraba que estos no habían sido diligentes en la tramitación de los asuntos traídos ante su atención. Luego, estableció que la reconsideración sometida por ellos no movía su discreción para **reconsiderar la sentencia emitida en el caso**. Por lo tanto, el foro primario atendió la moción presentada por los apelantes como una reconsideración de la sentencia emitida.

A los fines de atender los planteamientos levantados por los apelantes, hemos estudiado cuidadosamente el expediente judicial. Nuestro examen nos permite identificar que, como ya relatamos, el 14 de marzo de 2025, Elvin Electric acudió al tribunal a solicitar que se les anotara la rebeldía a los apelantes, pues a pesar de haber solicitado y obtenido varias prórrogas para contestar la demanda, no habían sometido su alegación responsiva a tiempo. Asimismo, y por razón de nuestro estudio del legajo apelativo, conocemos que mediante *Resolución Interlocutoria* emitida el 17 de marzo de 2025, la petición de anotación de rebeldía fue concedida; que el 21 de marzo de 2025, el apelado solicitó que se dictara sentencia en rebeldía; y la sentencia fue emitida el 1 de abril de 2025 y que el 7 de abril de 2025, los apelantes solicitaron reconsideración de la rebeldía anotada en su contra.

En su solicitud de reconsideración, los apelados arguyeron que la causa para anotársele la rebeldía fue consecuencia de unas situaciones de índole de salud de su representación legal, más otros acontecimientos fuera

de su control. Específicamente, allí se explicó como a continuación se transcribe:

> 4. Que [así] las cosas, el pasado 12 de febrero de 2025, procedimos a presentar una Moción de Prórroga dado que nos encontrábamos en el [área] metropolitana en busca de especialistas para la condición habida por lo cual intentamos presentar los correspondientes escritos pero presentamos problemas debido al cambio de formato por las diferentes [computadoras] utilizadas.
>
> 5. Que al [día] siguiente, nos procedimos a comunicar con nuestro personal clerical para que procediera a presentar dichos escritos desde la computadora que se crearon a lo que nos indicaron que se realizaría de inmediato. El [día] 13 de febrero de 2025, tuvimos que acudir a nuestro médico dado que [presentábamos] mareos y debilidad extrema por lo que fuimos atendidos. En todo momento, el suscribiente, entendía que dichos escritos habían sido presentados. ([Véase] Anejo II). Ante dicha situación se nos recomendó permanecer en nuestra residencia y con actividad limitada y descanso hasta ser atendidos por un especialista.
>
> 6. Que consecuentemente y agraciadamente, logramos obtener una cita con un cardiólogo el cual nos efectuó una serie de pruebas que se llevó a cabo el [día] 17 de febrero de 2025, prueba que impedía que [prácticamente] [lleváramos] actividad física alguna. ([Véase] Anejo III).
>
> 7. Que [así] las cosas, el pasado 18 de febrero de 2025, debido a una emergencia familiar nos vimos precisados a conducir al [área] de [Mayagüez], momento en el cual mientras [discurríamos] a intentar atender dicha situación dado que no [ostentábamos] a ninguna otra persona que pudiera realizarlo nos vimos involucrados en un accidente vehicular en virtud del cual fuimos impactados por un vehículo a considerable velocidad, accidente en el cual aún estamos padeciendo de fuertes dolores en el [área] de las costillas debido al mismo, situación que [exacerbó] los padecimientos que [veníamos] atravesando. (Anejo IV).

La situación detallada por los apelantes en sus respectivas mociones de reconsideración es comprensible. Sin embargo, la misma nos parece que no constituyen la justa causa exigida por nuestro ordenamiento jurídico. Por tanto, insuficiente para derrotar la negativa del tribunal de levantar la rebeldía anotada, así como de reconsiderar la sentencia en rebeldía dictada. El mero hecho de que, tras haberse pedido un plazo adicional de 72 horas para contestar la demanda, su abogado hubiera descansado en el entendido de que el personal de su oficina presentaría las alegaciones responsivas, no excusa el que así nunca se hizo. Una simple corroboración del expediente tras haberse recibido la resolución interlocutoria que concedía el tiempo adicional hubiera bastado para revelar que ello no ocurrió. Es más, la

posterior solicitud de anotación de rebeldía sometida por el apelado era suficiente para alertar este hecho. [6]

En consideración de lo anterior, resolvemos que el TPI no abusó de su discreción al negarse a levantar la anotación de rebeldía anotada a los apelantes. Por consiguiente, el primer error no fue cometido.

Igual conclusión alcanzamos en cuanto al segundo error señalado. Es correcto, como señalan los apelantes, que la sentencia en rebeldía en el caso fue <u>notificada</u> mientras el tribunal atendía la moción de reconsideración de anotación de rebeldía. Sin embargo, es meritorio destacar que la misma fue <u>dictada</u> previo al mencionado escrito. Además, el propio texto de la decisión apelada revela que el TPI acogió y evaluó la moción de los apelantes como una de reconsideración de dicha sentencia y que, así hecho, se negó a reconsiderar.

**-IV-**

Por todo lo antes consignado, **confirmamos** la determinación apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] La boleta de notificación electrónica de la *Moción Solicitando Anotación de Rebeldía* del 14 de marzo de 2025, registra que el documento le fue notificado al abogado de los apelantes a su correo electrónico.